COMMONWEALTH OF MASSACHUSETTS

BRISTOL, SS.                                                    BRISTOL SUPERIOR COURT
                                                                DOCKET NO.:

ROBERT GUTHRIE AND         )
LYNN GUTHRIE,              )
    Plaintiffs                )
                           )
v.                         )
                           )
HART ENGINEERING AND       )
TRAVELERS INSURANCE COMPANY, )
    Defendant                )

## COMPLAINT AND JURY CLAIM

### PARTIES

1. The Plaintiff, Robert Guthrie, is an individual residing at 20 Eighth Street, Taunton, Bristol County, Massachusetts.

2. The Plaintiff, Lynn Guthrie, is an individual residing at 20 Eighth Street, Taunton, Bristol County, Massachusetts.

3. The Defendant, Hart Engineering a/k/a The Hart Company, is a corporation with a principal place of business of 800 Scenic View Drive, Cumberland, Providence County, Rhode Island.

4. The Defendant, Travelers Insurance Company, is a company with a place of business at 44 Bedford Street, Middleboro, Plymouth County, Massachusetts.

### FACTS

5. The Plaintiffs reaffirm and re-allege paragraphs 1-4 as if fully set out herein.

6. Robert Guthrie was employed by the Town of Marshfield as a waste water operator on or about January 12, 2004.

7. On January 12, 2014, the Plaintiff, while trying to respond to a broken pipe emergency entered an out building at the waste water plant for the Town of Marshfield.

8. Upon entering the building and rushing through several inches of water on the floor in the dark, Mr. Guthrie tripped over planks covering the staircase opening leading to the basement.

9. The Defendant, Hart Engineering, was the general contractor working on the outbuilding where Mr. Guthrie sustained his injury at the Marshfield Waste Water plant on or about January 12, 2014.

10. No warning signs were present and the perimeter was not guarded in any manner.

11. Hart Engineering retained ultimate control of the project including controlling subcontractors actions and ensuring safety on the job site.

12. Mr. Guthrie sustained injuries to his hips, shoulder and back resultant from the fall.

## COUNT 1
## NEGLIGENCE

13. The Plaintiff reaffirms and re-alleges paragraphs 1-12 as if fully set out herein.

14. The Defendant, Hart Engineering, at all times during the pendency of the project which involved laying plans over a stairway opening located at the waste water plant of Marshfield, Massachusetts, exercised control and supervision over the construction project on the premises.

15. The Defendant, Hart Engineering, was negligent in failing to exercise the degree of control and supervision over the premises necessary so as to ensure the care and safety of others.

16. Hart Engineering breached this duty by leaving boards over a stairway opening in a dark building with no warning signs, warning tape or fencing off the area to prevent a foreseeable accident such as Mr. Guthrie's.

17. The Defendant, Hart Engineering, negligently failed to properly guard against the risk of falls while the building was under construction.

18. The Defendant, Hart Engineering knew or should have known that it was dangerous to secure the area near the stairway in the manner they did without guarding the parameter or posting warning signs reflective of the same.

19. The Defendant, Hart Engineering, failed to ensure compliance with all applicable codes, regulations and legal requirements.

20. The Defendant, Hart Engineering, as the general contractor had the ultimate responsibility to ensure that all work performed on the premises was done in a safe manner.

21. The Defendant, Hart Engineering, failure to take all reasonable precaution necessary to protect the Plaintiff from a foreseeable dangerous condition constitutes negligence.

22. As a result of the Defendant, Hart Engineering's, failure to properly guard the stairway which was under construction or at least warn others of the possible danger, the Plaintiff

was caused to sustain serious personal injuries resultant in medical expenses, a loss of earning capacity and pain and suffering.

**WHEREFORE:** The Plaintiff, Robert Guthrie, requests that judgment enter against the Defendant, Hart Engineering, in an amount which the Court would deem just and reasonable, together with interests and costs and such other relief as the Court deems appropriate.

## COUNT II
### NEGLIGENCE SUPERVISION

23. The Plaintiff reaffirms and re-alleges paragraphs 1-22 as if fully set out herein.

24. The Defendant, Hart Engineering, had a duty to supervise its subcontractors so as to ensure that all work was done in a safe manner in compliance with all safety rules, codes and regulations and in compliance with Massachusetts laws.

25. The Defendant, Hart Engineering, negligently failed to supervise its workers and/or subcontractors and ensure safety compliance.

26. The Defendant's negligence caused the Plaintiff to sustain serious personal injuries resulting in medical expenses, a loss of earning capacity and pain and suffering.

**WHEREFORE:** The Plaintiff, Robert Guthrie, requests that judgment enter against the Defendant, Hart Engineering, in an amount which the Court would deem just and reasonable, together with interest and costs and such other relief as the Court deems appropriate.

## COUNT III
### NEGLIGENCE

27. The Plaintiff reaffirms and re-alleges paragraphs 1-26 as if fully set out herein.

28. The Defendant, Hart Engineering, as the general contractor had a duty to correct any unsafe practices on the work site and to mandate compliance with applicable safety guide lines and applicable laws.

29. As a result of the Defendant, Hart Engineering's, failure to correct such unsafe practices or mandate compliance with safe practices, safety guidelines and applicable laws the Plaintiff was caused to sustain serious personal injuries resulting in medical expenses, a loss of earning capacity and pain and suffering.

**WHEREFORE:** The Plaintiff, Robert Guthrie, requests that judgment enter against the Defendant, Hart Engineering, in an amount which the Court would deem just and reasonable, together with interests and costs and such other relief as the Court deems appropriate.

## COUNT IV
### LOSS OF CONSORTIUM – LYNN GUTHRIE

30. The Plaintiff reaffirms and re-alleges paragraphs 1-29 as if fully set out herein.

31. Due to the Defendant's negligence on or about January 12, 2014, Lynn Guthrie sustained injuries and endured pain and suffering.

32. Due to these injuries Lynn Guthrie suffered a loss of Robert Guthrie's aide, assistance, comfort, society and services.

**WHEREFORE:** The Plaintiff, Lynn Guthrie, requests that judgment enter against the Defendant, Hart Engineering, in an amount which the Court would deem just and reasonable, together with interest and costs and such other relief as the Court deems appropriate.

### COUNT III – TRAVELERS INSURANCE COMPANY UNFAIR AND DECEPTIVE BUSINESS PRACTICES PURSUANT TO M.G.L. C. M.G.L. c. 93A AND M.G.L. C. 176D

33. The Plaintiff reaffirms and re-alleges paragraphs 1-32 as if fully set out herein.

34. The Plaintiff sent a Demand for settlement pursuant to M.G.L. c. 93A and M.G.L. c. 176D on September 15, 2016. The Plaintiff alleged that the Defendant, Travelers Insurance Company's failed to pay the claim and/or provide a reasonable settlement offer and that such actions were unfair, deceptive and in direct violation of the aforementioned statutes.

35. The Defendant, Travelers Insurance Company, responded in writing on October 14, 2016 indicating that no offer would be made.

36. The Defendant, Travelers Insurance Company has refused to honor the Plaintiff's claim and has not complied with the Plaintiff's demand for fair and realistic settlement negations based upon a Judgment amount that he would likely receive in litigation.

**WHEREFORE:** The Plaintiff requests that damages suffered by the Plaintiff, plus interest be established and that judgment enter in treble in the amount of such damages pursuant to M.G.L., c.93A, §9(3), that the Plaintiff be awarded reasonable attorney's fees pursuant to M.G.L., c.93A, §9(4) and M.G.L., c.90, §34(M), that the Plaintiff be awarded the cost of this action and that the Court order such relief as it deems necessary and proper.

## JURY CLAIM

The Plaintiff demands a Trial by Jury on all issues.

> Plaintiffs,
>
> By Their Attorneys,
>
> READY, KIERNAN & McNALLY, LLP
>
> */s/ Michael E. Kiernan*
>
> Michael E. Kiernan, BBO# 637822
> 2318 Acushnet Avenue
> New Bedford, MA 02745
> (508) 985-9888